IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW LIOTTA, DENNIS LIOTTA, JOHN LIOTTA, HARRY RIGGS, and CYNTHIA STEDEFORD,<br><br>Plaintiffs,<br><br>v.<br><br>RAPID LINK, INC.,<br><br>Defendant. | CASE NO. 8:09CV411<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction (Filing No. 3). After considering briefs and evidence filed by the parties, and hearing arguments on January 15, 2010, the Court concludes that Plaintiffs' motion should be denied.

## FACTUAL BACKGROUND

Plaintiffs Matthew Liotta, Dennis Liotta, John Liotta, Cynthia Stedeford, and Harry Riggs (collectively "Plaintiffs") were shareholders in One Ring Networks, Inc. ("One Ring"), a Georgia corporation. (Filing No. 1, Complaint ¶ 12.) On March 28, 2008, Defendant Rapid Link, Inc. ("Rapid Link") purchased the shares of One Ring. (*Id.* ¶ 14; Filing No. 25 at 15.) Rapid Link entered into a Stock Purchase Agreement ("SPA") with One Ring and its shareholders. (Filing No. 1-1 ("SPA").) Under the terms of the SPA, Plaintiffs became shareholders of Rapid Link and were to be paid certain compensation. (Compl. ¶¶ 15-16; SPA at 6-7.) Plaintiffs allege that Rapid Link has failed to pay the "true up" portion of the agreed compensation described in the SPA. (Compl. ¶ 17.) The "true up" compensation was to be based on certain revenue. (*Id.* ¶ 18; SPA at 6-7.) Plaintiffs allege that Rapid Link, in a Form 8-K ("8-K") filing with the Securities and Exchange Commission ("SEC"),

understated the revenue on which the "true up" calculation was based. (*Id.* ¶ 19.) Further, Plaintiffs claim Rapid Link has failed to pay Plaintiffs in excess of $600,000, plus shares, based on Rapid Link's allegedly understated revenues. (*Id.* ¶ 20.)

The SPA required Rapid Link to maintain One Ring as a wholly owned subsidiary until the Defendant paid the agreed purchase price. (SPA at 35.) The Form 8-K indicates that Rapid Link intends to acquire all the shares of Blackbird Corporation ("Blackbird") by transferring 80% of Rapid Link's then-issued and outstanding shares of common stock to Blackbird's shareholders. (Filing No. 1-2 ("Form 8-K") at 2.) According to the 8-K, the transaction between Rapid Link and Blackbird is to close on March 31, 2010.[1] (*Id.*) Plaintiffs allege that this transaction is in direct contravention of the SPA, and Plaintiffs will be unable to collect the compensation owed under the SPA because the merger will eliminate most of Rapid Link's assets. (Compl. ¶¶ 22, 24, 25.) Plaintiffs assert causes of action for breach of contract, unjust enrichment, attorney fees, and equitable accounting, and seek money damages as well as disclosure of Rapid Link's books and records. (*See id.* ¶¶ 27-39.)

Plaintiffs seek a preliminary injunction on the grounds that they will be irreparably harmed by the merger, because, if it is allowed to proceed, Rapid Link will spin off One Ring and dispose of other valuable assets. (Filing No. 3 at 2.) Plaintiffs claim that the transaction between Rapid Link and Blackbird is a "reverse merger" that will create a corporate entity free of the obligations imposed in the SPA. (*Id.*) Plaintiffs also argue that

---

[1] The 8-K states "March 31, 2009," is the anticipated closing date. However, the filing occurred in October of 2009 and both parties agree the actual closing date was scheduled for March of 2010.

Rapid Link's disposal of One Ring will render Rapid Link judgment proof.  (Filing No. 4 at 3.)

## DISCUSSION

In determining whether a preliminary injunction should issue, the Court is required to consider the factors set forth in *Dataphase Systems, Inc. v. C.L. Sys. Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (*en banc*).  A district court should weigh "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Id.*  A preliminary injunction is considered an extraordinary remedy, and the burden of proving each of the *Dataphase* factors lies with the party seeking the injunction.  *Watkins v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)*.*

**I.      Probability of Success on the Merits, and the Public Interest**

Plaintiffs claim the evidence before the Court clearly establishes the likelihood of their success on the merits.  Only where the movant shows a "substantial likelihood of success on the merits" does a district court proceed to weigh the other *Dataphase* factors.  *Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds*, 530 F.3d 724, 731-32 (8th Cir. 2008).

The SPA expressly provides that Rapid Link may not dispose of One Ring until it has paid the compensation due to Plaintiffs under the SPA.  Plaintiffs argue Rapid Link has not fully paid the compensation owed, while Rapid Link claims Plaintiffs have been fully compensated and that it may dispose of One Ring as it sees fit. Many of these issues will turn on the credibility of witnesses and the sufficiency of the evidence and, at a minimum,

3

present "fair ground for litigation." *See Watkins*, 346 F.3d at 844 (quoting *Loveridge v. Pendleton Woolen Mills, Inc.*, 788 F.2d 914, 916 (2d Cir.1986)).

Plaintiffs have not demonstrated a likelihood of success on the merits, and the Court concludes that this *Dataphase* factor weighs neither for nor against the issuance of a preliminary injunction. Similarly, considerations of the public interest weigh neither for nor against the issuance of a preliminary injunction.

## II.     Threat of Irreparable Harm, and Balance of the Harms

Even if Plaintiffs had shown a likelihood of success on the merits, they have failed to show that they will suffer irreparable harm absent the issuance of a preliminary injunction. The movant's failure to show irreparable harm is an "independently sufficient basis upon which to deny a preliminary injunction." *Watkins*, 346 F.3d at 844. "When there is an adequate remedy at law, a preliminary injunction is not appropriate." *Id.* An inadequate remedy at law exists only where the injuries cannot be fully compensated through an award of monetary damages. *General Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). Thus, a party seeking a preliminary injunction "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Here, Plaintiffs fail to establish the necessary connection between the relief sought in the Complaint and the injury claimed in the motion. The Complaint seeks money damages representing the unpaid compensation owed to Plaintiffs under the SPA. It does not seek specific performance or equitable relief other than an accounting of Rapid Link's books and records. However, Plaintiffs argue that Rapid Link should be enjoined from

spinning-off or otherwise disposing of One Ring because doing so would violate the express terms of the SPA and the debentures issued to Plaintiffs.

Even assuming Rapid Link's anticipated actions would violate the express terms of the SPA, Plaintiffs have not shown an inadequate remedy at law. Plaintiffs argue that Rapid Link would be unable to pay its judgment because "reverse mergers typically result in shedding liabilities such as the true up compensation due to Plaintiffs." (Filing No. 4 at 2.) Plaintiffs offer no authority for this position and Rapid Link has stated on the record that nothing in the proposed transaction would strip its liabilities to Plaintiffs if judgment is rendered against Rapid Link. Plaintiffs also argue that if allowed to dispose of One Ring, Rapid Link would render itself judgment proof. However, no evidence before the Court establishes this fact. On the contrary, Rapid Link states it would be in a better financial position to pay any obligation to Plaintiffs if the Blackbird transaction is allowed to proceed, and that it will suffer substantial harm if the proposed transaction is delayed or prohibited.

In sum, the Complaint seeks money damages for unpaid compensation, not specific performance of the terms of the SPA concerning Rapid Link's proposed disposal of One Ring. The Plaintiffs have failed to show that they will be unable to obtain the relief they seek in the Complaint if the proposed preliminary injunction is denied. Plaintiffs have not met their burden of demonstrating that they will suffer irreparable harm absent the injunctive relief, and Rapid Link has demonstrated that it is likely to suffer significant harm if the injunctive relief proposed by the Plaintiffs were to be ordered. The threat of irreparable harm and the balance of harms both weigh against issuance of a preliminary injunction.

Accordingly,

IT IS ORDERED:

Plaintiffs' Motion for Preliminary Injunction (Filing No. 3) is denied.

DATED this 20th day of January, 2010.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge