# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW LIOTTA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | )   8:09cv411 |
| vs. | ) |
| | )   ORDER |
| RAPID LINK, INC., | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on plaintiffs' "Motion to Strike and for Sanctions Pursuant to Federal Rule of Civil Procedure 11" (Doc. 38). The court has reviewed the file, together with the defendant's response (Doc. 45). The plaintiffs allege that the defendant raised frivolous affirmative defenses in its answer.

Under Fed. R. Civ. P. 11(c)(2), a motion for Rule 11 sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Thus, the moving party must serve its motion for Rule 11 sanctions at least 21 days before filing the motion with the district court, so as to allow the non-moving party an opportunity to change the objectionable pleadings to prevent the imposition of sanctions. *See Gordon v. Unifund CCR Partners*, 345 F.3d 1028 (8th Cir. 2003); *Mattes v. Butterball, LLC*, 2007 WL 2407031, No. 4:07CV3130 (D. Neb., Aug. 20, 2007); *Elmowitz v. Executive Towers at Lido, LLC*, 571 F. Supp. 2d 370, 381 (E.D.N.Y. 2008).

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, *after receiving the motion*, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.

*Gordon v. Unifund CCR Partners*, 345 F.3d at 1029 (quoting Fed. R. Civ. P. 11, Advisory Committee Notes to the 1993 Amendments; emphasis added by the court).

An unauthenticated exhibit[1] attached to plaintiff's motion demonstrates only that one of plaintiff's attorneys sent an e-mail to opposing counsel on March 1, 2010, prior to the filing of the parties' Rule 26(f) planning report, advising, "If your client wants to withdraw the defenses and statements concerning the defenses that are noted as improper, it will save us a Rule 11 sanctions motion practice."

Because the plaintiffs did not comply with the "safe harbor" procedural requirements of Fed. R. Civ. P. 11(c)(2),

**IT IS ORDERED** that the "Motion to Strike and for Sanctions Pursuant to Federal Rule of Civil Procedure 11" (Doc. 38) is denied in its entirety.

**DATED June 17, 2010.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**

---

[1] In this district, evidentiary materials may not be attached to a brief but rather must be filed separately with an index listing each item of evidence being filed and identifying the motion to which it relates. An affidavit must identify and authenticate documents filed with the index. The affidavit must be made on personal knowledge, set forth facts that would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters stated, and identify the related motion. NECivR 7.0.1(a)(2)(B) & (C).